FILED
SUPERIOR COURT
OF GUAM

2024 SEP -9 PM 2: 50

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PING CHUNG TSANG, | CIVIL CASE NO. CV0897-15 |
| **Plaintiff,** | |
| vs. | |
| WING ON TSANG, KAM WING TAM, WING CHI TSANG, TSANG BROTHERS CORPORATION, HARMON TRUCKING & SCRAP METAL, INC., AND EVERGREEN INVESTMENT, LLC, | **DECISION AND ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| **Defendants.** | |
| WING ON TSANG, KAM VENG TAM (also known as KAM WING TAM), and WING CHI TSANG, | |
| **Counterclaimants,** | |
| vs. | |
| PING CHUNG TSANG and CHRISTINA L.H. AU (also know as AU LAI HING), | |
| **Counterclaim Defendants.** | |

This matter came before the Honorable Dana A. Gutierrez[1] on June 11, 2024 upon a Motion to Set Aside Entry of Default ("Motion"), filed by Counterclaim Defendant Christina L.H. Au (also known as Au Lai Hing) ("Christina") and Plaintiff/Counterclaim Defendant Ping Chung

---

[1] This matter was originally assigned to the Honorable Presiding Judge Alberto C. Lamorena III on September 17, 2015. On March 26, 2021, Presiding Judge Lamorena issued a disqualification in the case. The matter was then reassigned to the Honorable Elyze M. Iriarte, but she issued a disqualification in the case. On March 30, 2021, the matter was reassigned to this Court.

Tsang ("Ping"). Present at the hearing was Attorney William L. Gavras on behalf of Christina; Attorney Curtis Van De Veld on behalf of Ping; Attorney Geri Diaz on behalf of Defendants Tsang Brothers Corporation ("Tsang Bros.") and Harmon Trucking & Scrap Metal ("HTSM"); Attorney Ignacio Cruz Aguigui on behalf of Defendant/Counterclaimants Wing Chi Tsang, Wing On Tsang, and Kam Veng Tam; and Attorney Georgette Concepcion on behalf of Evergreen Investment, LLC.[2] Upon review of the arguments and applicable Guam law, the Court hereby **GRANTS** Christina and Ping's Motion and therefore sets aside the Entry of Default against them.

## BACKGROUND

On September 15, 2015, Ping filed a Verified Complaint against Wing On Tsang, Kam Veng Tam, Wing Chi Tsang, Tsang Bros., HTSM, and Evergreen Investment, L.L.C., alleging various causes of actions, including breach of fiduciary duty, a derivative action against the defendant business entities, and an action for accounting, partition, and dissolution of the defendant business entities.

On December 9, 2015, Tsang Bros. and HTSM filed a Motion to Dismiss Complaint. To date, Tsang Bros. and HTSMs' Motion to Dismiss has not been decided and Tsang Bros. and HTSM has not filed an Answer.[3]

On February 25, 2016, the parties filed a Stipulation and Order to stay this action in its entirety until April 25, 2016 to allow the parties time to focus on settlement efforts. On May 23, 2016, Ping and Christina filed a Motion to Enforce Settlement and for Stay ("Motion to Enforce Settlement").

---

[2] Attorney Aguigui and Attorney Concepcion both stated that they were present to observe.

[3] Three other motions to dismiss also remain pending: (1) Evergreen Investment, LLC's Motion to Dismiss Complaint (Dec. 9, 2015); (2) Christina's Motion to Dismiss Wing On Tsang's and Kam Veng Tam's Counterclaims (Jan. 19, 2016); and (3) Christina's Motion to Dismiss Wing Chi Tsang's Counterclaim (April 26, 2016).

On June 20, 2016, the Court stayed this matter a second time, pending resolution of the Motion to Enforce Settlement as well as a Motion to Strike Appearance and Motion to Dismiss, which Ping filed on January 7, 2016. *See* Order Clarifying Stay (March 30, 2017). The matter was stayed in its entirety with the exception of limited discovery on the issues raised in the Motion to Enforce Settlement. *Id.* The Motion to Strike Appearance and Motion to Dismiss was resolved on October 7, 2016. *See* Decision and Order on Plaintiff's Motion to Strike Appearance of Evergreen's Counsel and Motion to Dismiss.

Despite their pending Motion to Dismiss and having never filed an answer to Ping's Complaint, Tsang Bros. and HTSM filed a Counterclaim against Ping and Christina on February 10, 2017.

On November 19, 2021, the parties stipulated to Ping and Christina withdrawing their Motion to Enforce Settlement.[4] Thus, all issues causing the matter to be stayed were resolved.

Nothing substantive was filed in this matter from November 19, 2021 until Tsang Bros. and HTSM filed an Application for Entry of Default on November 6, 2023.[5] On November 7, 2023, the Clerk of Court entered default against Ping and Christina "for their failure to plead or otherwise defend against Defendants [Tsang Bros.'] and [HTSM's] Counterclaim filed on February 10, 2017 . . . ." Entry of Default at 2.

On January 5, 2024, Christina and Ping filed their Motion to Set Aside Entry of Default. Tsang Bros. and HTSM filed their Opposition to the Motion on February 9, 2024. Christina and

---

[4] Ping and Christina had also filed a Motion for Leave to Amend their Motion to Enforce Settlement on September 23, 2019, which they also withdrew on November 19, 2021.

[5] Tsang Bros. and HTSM argue that the stay was lifted on November 19, 2021 and therefore Ping and Christina's answer to Tsang Bros.' and HTSM's Counterclaim became due twenty days later—on December 9, 2021. Opposition at 5 (Feb. 9, 2024). Tsang Bros. and HTSM do not explain the delay between the alleged due date of December 9, 2021 and their Application for Entry of Default nearly two years later.

Ping filed their Reply on February 23, 2024.

## DISCUSSION

Guam Rules of Civil Procedure ("GRCP") Rule 55 provides "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011)) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

First, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that failure is shown by an affidavit or otherwise . . . ." GRCP Rule 55(a). Following the Clerk of Court's entry of default, the Court may hear an application for default judgment to conduct an accounting, determine damages, establish the truth of allegations, or otherwise investigate the matter. GRCP Rule 55(b)(2). Alternatively, the Court may set aside an entry of default for good cause. GRCP Rule 55(c).

"The concepts of default and default judgment are distinct and must be treated separately." *Adams v. Duenas*, 1998 Guam 15 ¶ 2. Thus, the Court shall first determine whether the Clerk of Court's November 7, 2023 Entry of Default was proper.

### 1.     The Clerk of Court's Entry of Default Was Improper

Tsang Bros. and HTSM argue that the stay in this matter, which was put in place on June 20, 2016, was lifted on November 19, 2021 when Ping and Christina withdrew their Motion to Enforce Settlement. Opposition at 5. Tsang Bros. and HTSM contend that a response to their Counterclaim, which was filed while the matter was stayed, was due twenty days after the stay was lifted, which was December 9, 2021. *Id.* Because Ping and Christina filed no answer or other response by December 9, 2021, Tsang Bros. and HTSM argue that Ping and Christina were in

default. *Id.*

To the contrary, Ping and Christina argue that they have not "failed to plead or otherwise defend" in the matter because Tsang Bros. and HTSM have not filed a proper counterclaim against them which requires an answer. Motion at 4. Specifically, Ping and Christinia argue they were not required to answer the Tsang Bros. and HTSM's Counterclaim because "a counterclaim is not a pleading and cannot be filed separately from an answer." Motion at 2.

At the hearing, Tsang Bros. and HTSM conceded that they were unable to find any law which supports the idea that a counterclaim may be filed separately from an answer and thus requires a response. Min. Entry, 10:12 AM (June 11, 2024). Further, they did not provide the Court with any reason why this fact does not relieve Ping and Christina of any purported obligation to respond to the Counterclaim.

The Court agrees with Ping and Christina's position that a stand-alone counterclaim is not a proper pleading and therefore does not require a response. *See* GRCP Rule 7(a) (listing the pleadings as: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer; and stating "[n]o other pleading shall be allowed . . ."); *see also* GRCP Rule 12(a) (stating that a party "shall serve a reply to a counterclaim *in the answer* within 20 days after service of the answer) (emphasis added); *see also New York Marine & Gen. Ins. Co. v. Boss Interior Contractors, Inc.,* No. 20-CV-23777, 2021 WL 327421 (S.D. Fla. Feb 1, 2021) ("a counterclaim cannot be independently asserted, but rather must be raised within a Rule 7(a) pleading.")[6]; *see also Crete Carrier Corp. v. Sullivan & Sons, Inc.,* No. CV ELH-21-328,

---

[6] *Boss Interior Contractors* references Rule 7(a) of the Federal Rules of Civil Procedure ("FRCP"). Guam's Rule 7(a) is substantively similar to FRCP Rule 7(a) and GRCP Rule 7 was adopted from FRCP Rule 7 (2003). GRCP Rule 7 SOURCE. "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the FRCP, federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Est.,* 2018 Guam 4 ¶ 9 (citing *People v. Quitugua,* 2009 Guam 10 ¶ 10).

2022 WL 313865 (D. Md. Feb. 1, 2022) ("In sum, a counterclaim is not a 'pleading,' and a counterclaim cannot be filed (typically) as a stand-alone document.").

Therefore, the Clerk of Court's Entry of Default was improper because Ping and Christina had no obligation to defend themselves against the improperly filed Counterclaim. Consequently, the Court sets aside the Entry of Default.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Ping and Christina's Motion and sets aside the Clerk of Court's November 7, 2023 Entry of Default. A Status Hearing shall be held on **October 8, 2024 at 9:15 a.m.**

SO ORDERED: **SEP 0 9 2024**

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam